# In the United States Court of Federal Claims

| | |
|---|---|
| TORO DEFENSE CONTRACTING, LLC, *Plaintiff*, v. THE UNITED STATES, *Defendant*. | No. 25-cv-0777 (Filed: December 19, 2025) |

Michael Evangelista-Ysasaga, EY Law, PLLC, Brownsville, TX, for Plaintiff.

Anne Delmare, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With her on the briefs were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Eric P. Bruskin, Assistant Director.

## OPINION AND ORDER

Meriweather, Judge.

Plaintiff, Toro Defense Contracting, LLC ("Toro"), filed a two-page Complaint alleging the U.S. Department of the Army, Mission Installation Contracting Command ("MICC") breached Toro's contract to install an exterior crane building in Fort Sill, Oklahoma. Compl. ¶ 4, ECF No. 1. Toro asserts it submitted a certified claim for $447,882.07 in damages for delays and differing site conditions to the Contracting Officer ("CO"), but the CO denied the claim. *Id*. The United States filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the U.S. Court of Federal Claims ("RCFC"). *See* Mot. to Dismiss, ECF No. 7. In the alternative, the United States moves for the Court to order Toro to provide a more definite statement of its claims pursuant to Rule 12(e). *Id.* Toro did not file a response. For the reasons below, the Court **GRANTS** the United States' Motion to Dismiss pursuant to Rule 12(b)(6).

## BACKGROUND[1]

According to the Complaint, MICC awarded Toro a contract on September 12, 2022, to install an exterior crane building at Building 2454 in Fort Sill, Oklahoma. Compl. ¶ 4 (referring to Contract No. W9124L22C0004). The United States "engaged in numerous admitted delays,

---

[1] As this case is at the motion-to-dismiss stage, this Opinion recites and assumes the truth of the factual allegations in the Complaint. *See General Mills Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1371 n.1 (Fed. Cir. 2007); *Cotter Corp. (N.S.L.) v. United States*, 165 Fed. Cl. 138, 145 (2023).

while refusing to grant additional delay days or costs to Plaintiff" during the design phase. *Id.* Toro "encountered various laten [sic] site conditions (i.e. ground water)" during its construction operations. *Id.* Toro submitted several requests for equitable adjustment ("REAs") to the CO for these delays and costs, but the CO denied all the requests. *Id.* Additionally, Toro filed a request for equitable adjustment and a Claim Certification under Section 7103 of the Contract Disputes Act on November 4, 2024, for $447,882.07, "which included demand for the remission of liquidated damages ($151,640.36) and for differing site conditions ($296,241.71)," but the CO denied this request as well. *Id.* After Toro completed the project, the CO allegedly "assessed liquidated damages for the time overruns." *Id.* Toro seeks "relief afforded under the contract," which purportedly "incorporates by reference certain FAR clauses for construction contracts as specifically stated in the contract." *Id.*

## STANDARD OF REVIEW

A motion to dismiss for "failure to state a claim upon which relief can be granted," filed under Rule 12(b)(6), tests whether a complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a Rule 12(b)(6) motion, the Court "must accept as true all the factual allegations in the complaint" and "indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted). "[T]o avoid dismissal for failure to state a claim, a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). A claim is facially implausible if it does not permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, if "a plaintiff fail[s] to establish all of the elements of the cause of action . . . plaintiff loses on the merits for failing to state a claim on which relief can be granted." *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006) (citations omitted).

Rule 12(e) allows a party to file a motion for a more definite statement if a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." RCFC 12(e). The Court may grant such motions in its discretion. *See Goodeagle v. United States*, 111 Fed. Cl. 716, 721 (2013) (citing *Johns-Manville Corp. v. United States*, 12 Cl. Ct. 1, 16 (1987)). Rule 12(e) "is designed to remedy unintelligible pleadings, not to correct for lack of detail." *Id.* at 722 (citation omitted).

## DISCUSSION

Toro's Complaint does not allow the Court "to draw the reasonable inference that the defendant is liable" for any misconduct. *Iqbal*, 556 U.S. at 678. Toro asserts it is entitled to relief under its contract with MICC, which it states "incorporates by reference certain FAR clauses for construction contracts." Compl. ¶ 4. However, Toro provides neither the terms of the contract nor the FAR clauses that allegedly entitle it to relief. *Cf*. RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."). Further, Toro fails to sufficiently plead the

elements of a claim for either an alleged government-caused delay under the contract or alleged differing site conditions, which means it "fail[s] to state a claim on which relief can be granted." *Metz*, 466 F.3d at 997.

When a contractor seeks an equitable adjustment based on government-caused delay, "the contractor has the burden of proving the extent of the delay, that the delay was proximately caused by government action, and that the delay harmed the contractor." *Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994). Toro's threadbare assertion that "the Government engaged in numerous admitted delays," Compl. ¶ 4, is insufficient to overcome the United States' Rule 12(b)(6) motion, since Toro does not allege the extent of the delay or how the United States caused the delay. *See id.*

Similarly, Toro's allegation that it encountered "various laten [sic] site conditions (i.e. ground water)," *id.*, does not sufficiently plead the four elements of a claim for differing site conditions. Toro fails to plead facts necessary to establish that: (1) a reasonable contractor would interpret the contract "as making a representation as to the site conditions," (2) "the actual site conditions were not reasonably foreseeable to the contractor," (3) Toro "in fact relied on the contract representation," and (4) it "suffered damages as a result." *Int'l Tech. Corp. v. Winter*, 523 F.3d 1341, 1348–49 (Fed. Cir. 2008) (citations omitted).

Additionally, Toro contends it "submitted a certified claim and request for a contracting officer's final decision in the amount of $447,882.07," but Toro does not allege how or why the CO erred in denying Toro's request. *Id.* In sum, Toro's "[t]hreadbare" legal conclusions and "conclusory statements" are insufficient to survive scrutiny under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 7, pursuant to Rule 12(b)(6). Having so ruled, the Court finds it unnecessary to reach Defendant's alternative Motion for a More Definite Statement pursuant to Rule 12(e). Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. No costs are awarded. The Clerk is directed to enter **JUDGMENT**.

**IT IS SO ORDERED.**

                                                             ROBIN M. MERIWEATHER
                                                             Judge